[664 NYS2d 830]

In the Matter of PERRY V. FERRARA (Admitted as PERRY VINCENT FERRARA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 1, 1997

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of this Court dated June 24, 1997, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 *(l)* (1) (i) and (iii), upon a finding that he is guilty of profes-

sional misconduct immediately threatening the public interest by virtue of his failure to cooperate with the Grievance Committee's lawful demands and upon other uncontroverted evidence of conversion. In the course of that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Norman Feiden, as Special Referee, to hear and report. The respondent was directed to submit an answer to the petition within 10 days after service of that order.

The petitioner now moves for an order granting a default judgment against the respondent upon the grounds that he has failed to serve upon the Grievance Committee and file with the Court an answer to the petition. A petition containing 66 charges of professional misconduct was annexed to the Grievance Committee's order to show cause seeking his suspension. The June 24 order was personally delivered to the respondent's attorney on July 29, 1997. The petition was predicated on allegations of the respondent's failure to cooperate with the lawful demands of the Grievance Committee, conversion of client escrow funds in excess of one million dollars, allowing a nonattorney to be a signatory on his escrow account, and instances of fraud and misrepresentation.

The respondent has not submitted an answer to the petition even though more than 10 days have elapsed since service upon him of the petition. Nor has he submitted any response to the Grievance Committee's motion for a default judgment.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Perry V. Ferrara, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Perry V. Ferrara is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.